## PEMBERTON vs. VAN RENSSELAER.

MOTION for judgment *non obstante veredicto.* The defendant demised to the plaintiff a dwelling-house in the city of Albany, for one year from 1st May, 1826, at a rent of $428, payable in *quarterly* or *monthly* payments. On the 1st April, 1827, $273 rent being due, the defendant distrained upon the property of the plaintiff, for the payment of the same. After the distress, the defendant agreed to suspend proceedings, and to give the plaintiff time to pay the rent in arrear. At the expiration of his lease, the plaintiff moved from off of the demised premises, and took his goods with him. On 7th May, 1827, the defendant followed the goods and took them, as well to satisfy a balance of $71, remaining due of the sum of $273, for which he had made a distress in April, as to satisfy a claim of $35,66, the rent of the premises from the first day of April to the first day of May, 1827. The plaintiff replevied the property, and the defendant put in two avowries : 1st. Acknowledging the taking to satisfy the balance of $71 ; 2d. Avowing the taking within 30 days, to satisfy the rent accruing for the last month of the term. Issue was joined upon these avowries, the cause tried, and a verdict rendered for the defendant, and the arrears of rent found at $118.

*J. V. N. Yates,* for plaintiff, moved for judgment *non obstante veredicto,* contending that the distress in April, 1827, was illegal, inasmuch as the rent was payable *quarterly,* and the quarter-day did not happen until the 1st May ; that the alternative of paying the rent quarterly or *monthly,* gave the right of election to the tenant, and not to the landlord ; and he cited 3 *Johns. C.* 81, and 4 *Johns. R.* 466.

A suspension of proceedings under a distress, at the request of the tenant, does not deprive a landlord of the right to pursue the goods distrained, and retake them, though the tenant has quit the possession of the demised premises. An original distress off of the demised premises, after the tenant has quit possession, is not good. Where there are two avowries, and both found for the defendant, the plaintiff will not be suffered to take judgment *non obstante veredicto,* although one of the avowries is manifestly bad ; but the defendant will have judgment on the good avowry, on remitting the damages on the other.

The distress for the $35,66 cannot be sustained, because, at the time it was made, the plaintiff was no longer in possession of the demised premises, (3 *Cowen*, 263;) and if the defendant had no right to distrain on the 1st April, then the whole distress was unlawful, as well for the $71 as the $35. Besides, though two defences are set up, there is but one avowry; and if it is bad for the $35 rent, it is bad for the whole.

*J. S. Van Rensselaer*, for defendant. The reservation of the rent monthly or quarterly was intended for the benefit of the landlord, and his suspension of the proceedings of the distress of April, as a matter of indulgence to the plaintiff, ought not to deprive him of the right to pursue the property, and retake it for the satisfaction of his rent. If the defendant erred in taking the property for the rent which accrued subsequent to the 1st of April, the court will not, for that cause, give judgment for the plaintiff. The only consequence is, that the avowry for the $35 is bad; and on the defendant entering a *remittitur damna* for so much, he is entitled to judgment under the verdict of the jury. (1 *Ld. Raym.* 317. *Bacon's Abridg. tit. Replevin and Avowry*, 78.) There are two avowries; one for the balance of $71, the other for the $35.

*By the Court*, SUTHERLAND, J. It is undoubtedly true, that an avowry, bad in part, is bad for the whole; but this does not help the plaintiff, as here are two separate avowries, one for the $71, the other for the $35, and each depends upon its own merits. The first avowry is good. The defendant had a right to distrain for the rent due on the first of April, as the reservation of *monthly* rent must have been intended for the benefit of the landlord, and not of the tenant; for what benefit could it be to the tenant, to have the privilege of paying his rent monthly, instead of quarterly? and the agreement of the defendant to suspend the proceedings under the distress, was no waiver of it. He therefore had the right, on the plaintiff's failing to avail himself of the indulgence extended to him, to retake the property wherever he

could find it. The second avowry is bad. At common law, the landlord had no right to make a distress off of the demised premises. By the 13th section of the act concerning distresses, (1 *R. L.* 437,) this right is given, as qualified by the 16th and 17th sections of the same act ; one of which qualifications is, that at the time of the distress, the tenant shall be in possession of the demised premises. So it was held by this court in *Burr* v. *Van Buskirk*, (3 *Cowen*, 269,) and what was said in *Reynolds* v. *Shuler*, (5 *Cowen*, 330,) does not impugn the doctrine advanced upon this point in Burr *v.* Van Buskirk. The distress, therefore, as to the $35 rent, having been made subsequent to the defendant's removal from the demised premises, was illegal. The plaintiff, however, is not for this cause entitled to judgment *non obstante veredicto*. The defendant having succeeded on the avowry for the $71, is entitled to judgment in his favor, but he must remit the damages as to the $35 rent, due on the first of May. The motion of the plaintiff is accordidgly denied, but without costs of opposing.